IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KRAIG PAYNE, Y40610,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 25-cv-00731-SMY<br>) |
| **STEPHENSON CLAYTON,** | )<br>) |
| Defendant. | )<br>) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kraig Payne, an inmate in the custody of the Illinois Department of Corrections (IDOC) currently incarcerated at Lawrence Correctional Center, filed this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, for claims arising from the alleged mishandling of unspecified grievances and appeals. (Doc. 1). The Complaint is subject to review under 28 U.S.C. § 1915A, which requires this Court to screen and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-3): Plaintiff filed miscellaneous grievances and appeals while he was housed at Lawrence Correctional Center between May 16, 2024 and April 16, 2025.[1] *Id*. at 3. Administrative Review Board (ARB) Chairman Stephenson Clayton failed to properly investigate them by contacting the warden to discuss each complaint and by failing to report each one to the IDOC Director or Office of the

---

[1] Copies of the grievances were not included with the Complaint.

1

Governor. Clayton denied the grievances and/or appeals and cited "DR 504." *Id*.

## Discussion

Based on the allegations, the Court designates the following claim in the *pro se* Complaint:

Count 1: FTCA claim against ARB Chairperson Clayton for mishandling Plaintiff's miscellaneous grievances and appeals about "stuff" at Lawrence Correctional Center between May 16, 2024 and April 16, 2025.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The FTCA provides jurisdiction for lawsuits against the United States for torts committed by federal officials while acting within the scope of their employment. *See* 28 U.S.C. §§ 1346, 2671-2680. Here, the United States, the only proper defendant, is not named in the Complaint. Plaintiff alleges misconduct against a state official, not a federal official. As such, his FTCA claim cannot proceed against ARB Chairperson Clayton.

The Complaint does not survive screening under 28 U.S.C. § 1915A. Count 1 will be dismissed with prejudice against Defendant Clayton for failure to state a claim. Because an amendment would be futile, the entire action will be dismissed with prejudice. *See Esco v. City of Chicago*, 107 F.4th 673, 683 (7th Cir. 2024) ("District courts have broad discretion to deny leave to amend the pleadings where the amendment would be futile."); *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004) (leave to amend may be denied because of futility, undue delay, or dilatory motive).

## Disposition

The Complaint (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim for relief against Defendant Stephenson Clayton. Because leave to amend would be futile, the entire action

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

is **DISMISSED with prejudice**. This dismissal qualifies as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** August 5, 2025

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**